UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LORETTA A. ALLBERRY,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>       Plaintiff,<br>  v<br><br>EGS FINANCIAL CARE, INC. AND<br>ALORICA INC.,<br><br>       Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Loretta A. Allberry [hereinafter "Allberry"], on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, EGS Financial Care, Inc. ("EGS"), and Alorica Inc. ("Alorica"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on EGS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Allberry is a natural person residing at 228 Hudson Avenue, Lake Grove, NY 11755.

6. Allberry is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 28, 2017, EGS, on behalf of or for the beneficial interest of Alorica, sent Allberry the letter annexed as Exhibit A. Allberry received and read Exhibit A. For the reasons set forth below, Allberry's receipt and reading of Exhibit A deprived Allberry of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, EGS, on behalf of or for the beneficial interest of Alorica, sent Exhibit A to Allberry in an attempt to collect a past due debt.

9. Per Exhibit A, the past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a "Lowe's Consumer Credit Card Account" by Synchrony Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. EGS, on behalf of or for the beneficial interest of Alorica, via Exhibit A, attempted to collect this past due debt from Allberry in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. EGS is a Pennsylvania Domestic Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. EGS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon EGS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of EGS is the collection of debts using the instrumentalities of interstate commEGSe, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, EGS identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, EGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. Alorica is a California Domestic Business Corporation and a New York Foreign Business Corporation..

16. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

17. Alorica wholly owns numerous subsidiaries which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Upon information and belief, Alorica directs and/or requires and/or allows Alorica's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Alorica's behalf and for the sole benefit of Alorica; Alorica always possesses the beneficial interests in the collection accounts which Alorica's wholly owned "debt collectors" attempt to collect.

18. Based on the above, the principal purpose of Alorica is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19. Based on the above, Alorica is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Upon information and belief, Alorica and/or an entity on its behalf issued work standards, directives, and/or guidelines to EGS which contained instructions, controls, and rules governing the steps EGS could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

21. Upon information and belief, Alorica, a "debt collector", directs and/or requires and/or allows Alorica's wholly owned subsidiaries such as EGS to carry out collection efforts on Alorica's behalf and for the sole benefit of Alorica; Alorica always possesses the beneficial interests in the collection accounts which EGS attempts to collect in the name of EGS; and Alorica directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of EGS including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as

Alltran. For the above reasons, Alorica is vicariously liable for the actions of EGS, and Alltran.

22. All the actions alleged in this Complaint taken by EGS were taken by EGS as the "debt collector" for the "debt collector" Alorica.

23. Based on the allegations in the above three paragraphs, EGS and Alorica are vicariously liable for the actions of EGS.

## FIRST CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

25. Exhibit A set forth an "Amount Now Due" of $146.00 and a "Total Account Balance" of $1862.

26. Upon information and belief, based on Exhibit A setting forth an "Amount Now Due" different from the "Total Account Balance" and based on a review of collection letters where Synchrony Bank is the creditor and the collection letter indicates that Synchrony Bank may continue to add interest and fees as provided in your agreement including collection letters where the debt was based on an individual being issued a Lowe's credit card account by Synchrony Bank, Synchrony Bank continued to accrue interest, late charges, and/or other charges on the "Total Account Balance" set forth in Exhibit A.

27. Exhibit A does not set forth a date by which Allberry could pay the "Total Account Balance" in order to satisfy the debt set forth in Exhibit A.

28. Upon information and belief, based on Synchrony Bank continuing to accrue interest, late charges, and/or other charges on the "Total Account Balance" set forth in Exhibit A and Exhibit A not setting forth a date by which Allberry could pay the "Total Account

Balance" in order to satisfy the debt set forth in Exhibit A, Allberry's prompt payment of the "Total Account Balance" set forth in Exhibit A could not have satisfied the debt set forth in Exhibit A.

29. Exhibit A failed to notify Allberry that her "Total Account Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

30. For one or more of the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692g and 15 USC § 1692e by sending Exhibit A to Allberry.

## SECOND CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

32. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 of this Complaint.

34. As a result of sending Exhibit A to Allberry, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

36. The class consists of (a) all natural persons (b) who received a letter from EGS dated between June 28, 2017 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

37. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

39. The predominant common question is whether Defendant's letters violate the FDCPA.

40. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

41. A class action is the superior means of adjudicating this dispute.

42. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      June 28, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107